UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
ZEDBERT MCKENZIE, on behalf of himself,
individually, and all other persons similarly situated,

                                                  Docket No.:

                 Plaintiff,

        -against-                                  **COMPLAINT**

JAMAICAN HOUSE CUISINES INC. and
LINFORD MCKENZIE,

                 Defendants.
----------------------------------------------------------------------X

Plaintiff ZEDBERT MCKENZIE ("Plaintiff"), on behalf of himself, individually, and all other persons similarly situated, by and through his counsel, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, JAMAICAN HOUSE CUISINES INC. ("Jamaican House") and LINFORD MCKENZIE, ("Linford," together, along with Jamaican House, as "Defendants"), alleges as follows:

## NATURE OF THE CLAIM

1.     Plaintiff brings this action to recover unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law, Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. § 142 ("NYLL"), as well as for failure to furnish accurate wage statements for each pay period under NYLL § 195(3), for failure to provide a wage notice upon his hire under NYLL § 195(1), and any other claim(s) that can be inferred from the facts set forth herein.

2.     Plaintiff brings this lawsuit against the Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other similarly situated persons during the applicable FLSA limitations period who suffered

damages as a result of the Defendants' willful violations of the FLSA.  Plaintiff brings his claims under the NYLL on behalf of himself, individually, and on behalf of any FLSA Collective Action Plaintiff, as that term is defined below, who opts-in to this action.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under 29 U.S.C. § 201, *et seq*. and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claims occurred within the Eastern District of New York.

## THE PARTIES

5.      Plaintiff is a resident of the County of New York, State of New York.

6.      At all relevant times, Plaintiff was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e) and NYLL § 190(2), (4).

7.      At all relevant times, Defendant Jamaican House is and was a domestic business corporation with its principal place of business at 22409 141st Avenue, Jamaica, New York.

8.      At all relevant times, Defendant Jamaican House was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to use of food and ingredients, kitchenware, utensils, cleaning supplies, office supplies, receipt papers, pens, and

paper, all of which undoubtably traveled in interstate commerce, and accepted payment from credit card machines and other moneys that originate from out of New York State.

9.      At all times relevant, Defendant Linford, was active in the day to day management of the corporate defendants, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff, the scheduling and delegation of assignments to employees, the discipline of Plaintiff, exercised the power to hire and fire employees, approved all personnel decisions, was responsible for maintaining personnel records relating to Plaintiff's employment, and was and is liable to Plaintiff as an "employer" within the meaning of the FLSA and NYLL.

## FACTS

10.      Defendants are a restaurant and its owner and day-to-day overseer, that serve Jamaican cuisine at their principal place of business, located at 22409 141st Avenue, Jamaica, New York.

11.      Plaintiff commenced his employment with Defendants in or about 2010 as a chef, a position that he held until on or about June 30, 2022.

12.      Throughout his employment, Defendants required Plaintiff to work, and he did in fact work, five days per week, Monday through Friday, from 1:00 p.m. until 11:00 p.m. without an uninterrupted meal break each day, for a total of approximately fifty hours per week.

13.      In exchange for his work, Defendants compensated Plaintiff at a rate of $600.00 by check, plus an additional $115.00 in cash each week, regardless of the number of hours actually worked each week.  Thus, Defendants compensated Plaintiff at an effective rate of $17.88 per hour for the first forty hours of work, and nothing at all for the hours he worked in excess of forty virtually every week.

14.     Throughout his employment, Defendants required Plaintiff to work, and Plaintiff did work, in excess of forty hours during each workweek.

15.     Throughout his employment, Defendants failed to pay Plaintiff at the statutorily required overtime rate of one and one-half times his regular rate of pay for hours worked in excess of forty hours in violation of the FLSA and NYLL.

16.     Defendants failed to provide Plaintiff with a proper notice and acknowledgement of his wage rate upon hire, or at anytime thereafter, as required by NYLL § 195(1).

17.     As Defendants' paid Plaintiff partially in cash, Defendants failed to provide Plaintiff with accurate wage statements for each pay period, including, *inter alia*, his correct regular regula and overtime rates of pay, spread of hours compensation, his correct gross pay, net pay, and amounts of any deductions and allowances, for each pay period, as required by NYLL § 195(3).

18.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and NYLL by failing to pay Plaintiff in accordance with their respective hours worked.

19.     Defendants treated and paid Plaintiff and the putative class and collective action members in the same or similar manner.

## COLLECTIVE ACTION ALLEGATIONS

20.     At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, plans and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing to pay them overtime pay for hours worked in excess of forty (40) hours each week.

21.     Upon information and belief, there are many current and former employees who are similarly situated to Plaintiff, who have been underpaid in violation of the FLSA.  The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interests in in bringing this action.

22.     Plaintiff seeks to proceed as a collective action with regard to the First Claim for Relief, pursuant to 29 U.S.C. §216(b) on behalf of himself, individually, and the following similarly situated employees:

> All non-exempt persons who are currently, or have been, employed by the Defendants as a non-exempt restaurant employees including as a dishwasher, prep cook, server, chef, other kitchen staff and/or in a similarly situated position, at any time during the three (3) years prior to the filing of their respective consent forms.

23.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.  These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. § 216(b).  Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

## FIRST CLAIM FOR RELIEF
## (FAIR LABOR STANDARDS ACT – UNPAID OVERTIME WAGES)

24.     Plaintiff and FLSA Collective Action Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

25.     Defendants employed Plaintiff and persons similarly situated to Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

26.     Defendants' violations of the FLSA have been willful and intentional.

27.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

28.     As a result of Defendants' unlawful acts, Plaintiff and persons similarly situated to Plaintiff are entitled to recover overtime compensation in amounts to be determined at trial, liquidated damages, attorneys' fees and costs of this action pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## (NEW YORK LABOR LAW – UNPAID OVERTIME WAGES)

29.     Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

30.     Defendants employed Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, for workweeks longer than forty (40) hours and failed to compensate the Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, for hours worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of New York Labor Law.

31.     By Defendants' failure to pay Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, overtime wages for hours worked in excess of 40 hours per week, Defendants violated the New York Labor Law Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 142.

32.     Defendants' violations of the New York Labor Law have been willful and intentional.

33.     Due to Defendants' violations of the New York Labor Law, Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover from Defendants unpaid overtime wages, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

### THIRD CLAIM FOR RELIEF
### (VIOLATION OF NEW YORK LABOR LAW § 195(3))

34.     Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

35.     Defendants failed to provide Plaintiff and any FLSA Collective Action Plaintiff who opts-in to this action, with accurate statements of their wages earned, including, *inter alia*, their regular and overtime rates of pay, number of regular and overtime hours worked, or correct net pay, each pay period as required by New York Labor Law § 195(3).

36.     Due to Defendants' failure to provide Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, with accurate wage statements as required by New York Labor Law § 195(3), Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, attorneys' fees and costs of this action.

### FOURTH CLAIM FOR RELIEF
### (VIOLATION OF NEW YORK LABOR LAW § 195(1))

37.     Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

38.     Defendants failed to provide Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, with a written notice upon hire regarding, *inter alia*, their rate of pay, the basis of their rate of pay, the employee's regular pay day, the name, address and telephone number of the employer, and other information required by NYLL § 195(1).

39.     Due to Defendants' failure to provide Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, with the notice required by NYLL § 195(1), Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, attorneys' fees and costs of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and FLSA Collective Action Plaintiffs pray for the following relief:

i.      Issuing an order restraining Defendants from any retaliation against Plaintiff and FLSA Collective Action Plaintiffs for participation in any form in this litigation;

ii.     Issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and supporting regulations and the New York Labor Law, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

iii.    Awarding unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

iv.     Awarding unpaid wages pursuant to New York Labor Law and the supporting New York State Department of Labor Regulations, plus liquidated damages;

v.      Awarding damages pursuant to New York Labor Law §§ 195(1), (3) and 198;

vi.     Designating this action as an FLSA collective action on behalf of the Plaintiff and

        FLSA Collective Action Plaintiffs and prompt issuance of notice pursuant to 29

        U.S.C. § 216(b) to the FLSA Collective Action Plaintiffs apprising them of the

        pendency of this action, permitting them to assert timely FLSA claims in this action

        by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of

        the statute of limitations;

vii.    Awarding pre- and post-judgment interest as permitted by law;

viii.   Awarding attorneys' fees and costs incurred in prosecuting this action; and

ix.     Such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
       March 6, 2023

                                        LAW OFFICE OF PETER A. ROMERO PLLC
                                        *Attorneys for Plaintiff*
                                        490 Wheeler Road, Suite 250
                                        Hauppauge, New York 11788
                                        Tel.: (631) 257-5588

                        By:     _____
                                MATTHEW J. FARNWORTH, ESQ.
                                PETER A. ROMERO, ESQ.